**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IVAN GOODLOW, JR<br>CDCR #AX-3970,<br><br>                                        Plaintiff,<br><br>          vs.<br><br><br>MR. VALDEZ, Correctional Officer,<br><br>                                        Defendant. | Case No.: 3:26-cv-1008-JES-MMP<br><br>**ORDER:**<br>**(1) GRANTING MOTION TO**<br>**PROCEED IN FORMA PAUPERIS**<br>**[ECF No. 4]; AND**<br><br>**(2) DIRECTING U.S. MARSHAL**<br>**TO EFFECT SERVICE OF THE**<br>**COMPLAINT AND SUMMONS**<br>**PURSUANT TO 28 U.S.C. § 1915(d)**<br>**& FED. R. CIV. P. 4(c)(3)** |

## I.    INTRODUCTION

Plaintiff Ivan Goodlow, Jr. ("Plaintiff" or "Goodlow") is a prisoner proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983. On April 2, 2026, the Court denied Plaintiff's request to proceed *in forma pauperis* (IFP) and dismissed the case without prejudice. *See* ECF No. 3. The Court gave Goodlow the opportunity to have his case reopened by either submitting a properly supported IFP motion or paying the full $405 filing fee by May 20, 2026. *See id.* at 3. On May 4, 2026, Goodlow filed another IFP motion. ECF No. 4. For the reasons discussed below, the Court grants the IFP motion and finds the Complaint meets the low threshold for surviving screening pursuant to pursuant

1

to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and directs the U.S. Marshal to effect service of the Complaint.

## II.     IFP MOTION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Using this financial information, the court "assess[es] and when funds exist, collect[s], … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

F.3d 844, 847 (9th Cir. 2002).

In support of his IFP Motion, Plaintiff has provided a signed copy of his prison certificate which reflects an average monthly balance of $30.33, average monthly deposits of $30.83, and an available account balance of $181.95. ECF No. 4 at 7. Accordingly, the Court **GRANTS** Plaintiff's IFP motion and assesses an **initial partial filing fee of $6.12** pursuant to 28 U.S.C. § 1915(b)(1). This initial fee need be collected, however, only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Taylor*, 281 F.3d at 850. Pursuant to 28 U.S.C. § 1915(b), the agency having custody of Plaintiff will forward payments to the Clerk in installment provisions until the $350 statutory fee is paid in full.

### III.    SCREENING

#### A.    Legal Standards

The Court must now screen the Complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). The standard for determining whether a plaintiff has stated a plausible claim under §§ 1915(e)(2)(B) and 1915A(b) is the same as the standard applicable under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Although failure to state a claim under § 1915(e) incorporates the Rule 12(b)(6) standard, an IFP litigant need only satisfy a "low threshold" to "proceed past the screening stage." *Wilhelm*, 680 F.3d at 1121, 1123.

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation

3

of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.    Plaintiff's Allegations

In his Complaint, Goodlow alleges that on March 6, 2024, while he was confined at R.J. Donovan Correctional Facility ("RJD"), RJD correctional officer Valdez tried to "force" Plaintiff into his cell. ECF No. 1 at 3. When Goodlow protested, Valdez attempted to grab and "slam" Plaintiff. *Id.* After Goodlow shoved Valdez's hand away, Valdez "began punching [Plaintiff] in [his] facial region repeatedly." *Id.* Goodlow fell to the ground. *Id.* When Goodlow was able to get up, he threw a couple of "wild" punches to protect himself. *Id.*

Despite several witnesses to the incident stating that Valdez was the instigator and Goodlow just defending himself, Goodlow was charged with a rule violation and found guilty. *Id.* Goodlow states, however, that bodycam and other video footage of the incident will show Valdez assaulted him. *Id.* He further states that his criminal defense attorney requested video of the incident but has yet to receive it because of a "cover up." *Id.*

### C.    Discussion

Plaintiff alleges Defendant Valdez violated his Eighth Amendment rights by using excessive force against him and seeks money damages. *Id.* at 3, 7. Having reviewed the Complaint, the Court finds the allegations contained in it are sufficient to survive the "low threshold" of the screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b) to state plausible Eighth Amendment claim against Valdez. *See Wilhelm*, 680 F.3d at 1123; *see also Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) ("[W]henever prison officials stand accused of excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

Accordingly, Plaintiff is entitled to have the U.S. Marshal effect service of the summons and Complaint against Defendant Valdez. *See* 28 U.S.C. § 1915(d) ("The

4

officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## IV.    CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

1.    **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 4).

2.    **ORDERS** the Secretary of the California Department of Corrections and Rehabilitation, or his designee, to collect from Plaintiff's trust account the $6.12 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, via U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4.    **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) for Defendant Valdez and forward it to Plaintiff along with a blank U.S. Marshal Form 285. The Clerk will provide Plaintiff with certified copies of the Complaint and a summons for use in serving Defendant. Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1(c), and return the forms to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the *In Forma Pauperis* Package.

5.    **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendant Valdez as directed by Plaintiff on the USM Form 285. Costs of service will be advanced by the United States.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

5

6.     **ORDERS** Defendant Valdez, once served, to reply to Plaintiff's Complaint and any subsequent pleading Plaintiff files in this matter in which Defendant is named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening Defendants are required to respond).

7.     **ORDERS** Plaintiff, after service has been made by the U.S. Marshals, to serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document sought to be filed with the Clerk, a certificate stating the manner in which a true and correct copy of that document has been served on Defendant or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon a Defendant, or their counsel, may be disregarded.

**IT IS SO ORDERED.**

Dated: May 26, 2026

Honorable James E. Simmons Jr.
United States District Judge

6