UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

IVAN GOODLOW, JR.
CDCR #AX-3970,
Plaintiff,
v.
MR. VALDEZ, Correctional Officer,
Defendant.

Case No.: 26-cv-1008-JES-MMP

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

[ECF No. 9]

Before the Court is Plaintiff Ivan Goodlow, Jr.'s ("Plaintiff") motion for appointment of counsel. ECF No. 9. On February 9, 2026, pro se Plaintiff filed this 42 U.S.C. § 1983 action under the Eighth Amendment and filed a motion to proceed in forma pauperis ("IFP"). ECF No. 1. The Court denied Plaintiff's motion to proceed IFP. ECF No. 3. On May 4, 2026, Plaintiff filed a new motion to proceed IFP. ECF No. 4. The Court subsequently granted in forma pauperis status and found the Complaint survived screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). ECF No. 5. Now, more than five months after commencing this action, Plaintiff requests this Court appoint him counsel. ECF No. 9.

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). District courts have discretion, however, to appoint counsel for indigent civil litigants in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted); 28 U.S.C. § 1915(e)(1). In considering whether to appoint counsel in a civil suit, the court should assess: (1) whether

the prisoner is likely to succeed on the merits and (2) whether "the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (citing *Palmer,* 560 F.3d at 970). "Neither of these factors is dispositive and both must be viewed together before reaching a decision[.]" *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). Plaintiff bears the burden of showing exceptional circumstances exist. *Palmer*, 560 F.3d at 970.

To support his request for counsel, Plaintiff argues the case is very complex due to Richard J. Donovan Correctional Facility ("RJD") "alter[ing]," "re-edit[ing]," and withholding relevant video footage which is inconsistent with witness testimony. ECF No. 9 at 1–2. Additionally, Plaintiff states RJD is attempting to "cover up" the correctional officer's actions. *Id.* at 2.

Plaintiff has not met his burden of demonstrating "exceptional circumstances."

First, the Court considers whether this case is so "exceptional" in its complexity to warrant the appointment of civil counsel. *See Cano*, 739 F.3d at 1218 (citing *Palmer,* 560 F.3d at 970). It is not. Plaintiff alleges on March 6, 2024, while he was incarcerated at RJD, correctional officer Valdez attempted to "force" Plaintiff into his cell. ECF No. 1 at 3. Plaintiff protested and Valdez attempted to "slam" and "grab" Plaintiff. *Id*. After Plaintiff shoved Valdez's hand away, Valdez "began punching [Plaintiff] in [his] facial region repeatedly." *Id.* Plaintiff fell to the ground and threw a couple of "wild" punches to protect himself. *Id.* Plaintiff claims despite several witnesses to the incident stating Valdez was the instigator and Plaintiff was defending himself, Plaintiff was charged with a rule violation and found guilty. *Id.* Plaintiff states bodycam and other video footage of the incident will show Valdez assaulted him. *Id.* He further states his criminal defense attorney requested video of the incident in a different case but has yet to receive it because of a "cover up." *Id.*

The Court sees nothing in this factual circumstance so complex as to constitute an "exceptional circumstance." Plaintiff's filings show he is capable of articulating his Eighth

Amendment claims and arguments regarding video footage of the incident. Plaintiff will be able to seek video footage during discovery, which has not yet commenced.

Moreover, Plaintiff has litigated this case on his own for more than five months. During that time, he filed a complaint that passed screening under 28 U.S.C. § 1915, a motion for leave to proceed in forma pauperis which was subsequently granted, and the motion to appoint counsel currently before this Court. ECF Nos. 1, 2, 4, 9.

Second, in assessing "exceptional circumstances," the Court should consider the likelihood of Plaintiff's success on the merits. However, in this case it is too early for the Court to determine likelihood of success on the merits. As described above, discovery has not yet begun, and the Court's knowledge of the facts is limited to Plaintiff's allegations in the complaint. *See, e.g.*, *Reed v. Paramo*, No. 18-cv-361-JLS-LL, 2020 WL 2767358, at *1 (S.D. Cal. May 28, 2020); *Garcia v. Smith*, No. 10-cv-1187-AJB-RBB, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012).

Though discussed above individually, the Court has also cumulatively considered Plaintiff's arguments, factual circumstances, and the "exceptional circumstances" criteria. Even when considered together, they fail to demonstrate exceptional circumstances. Given the lack of complexity of Plaintiff's claims, it is not in the interest of justice to appoint Plaintiff counsel. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

**IT IS SO ORDERED**.

Dated: July 24, 2026

HON. MICHELLE M. PETTIT
United States Magistrate Judge