UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IVAN GOODLOW, JR.
CDCR #AX-3970,

Plaintiff,

v.

MR. VALDEZ, Correctional Officer,

Defendant.

Case No.: 26-cv-1008-JES-MMP

**ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING APPOINTMENT OF COUNSEL**

[ECF No. 13]

Before the Court is Plaintiff Ivan Goodlow, Jr.'s ("Plaintiff") motion for reconsideration regarding the Court's July 24, 2026 Order denying Plaintiff's motion for appointment of counsel. ECF No. 13. For the reasons stated below, the Court **DENIES** Plaintiff's motion.

On February 9, 2026, pro se Plaintiff filed this 42 U.S.C. § 1983 action under the Eighth Amendment. ECF No. 1. The Court subsequently granted in forma pauperis status (IFP) and found the Complaint survived screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). ECF No. 5.

On July 20, 2026, Plaintiff filed a motion for appointment of counsel, which the Court denied. ECF Nos. 9, 10. The Court made two primary findings. First, the Court determined Plaintiff failed to meet his burden of demonstrating "exceptional circumstances" due to case complexity. ECF No. 10 at 2. Second, the Court found it was too early for the Court to determine Plaintiff's likelihood of success on the merits. *Id.* at 3.

Now, Plaintiff files a motion for reconsideration. ECF No. 13.

## I. LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted); *see also* CivLR 7.1(i)(1) (stating the party seeking relief must present "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application"). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880 (citation modified).

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). District courts have discretion, however, to appoint counsel for indigent civil litigants in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted); 28 U.S.C. § 1915(e)(1). In considering whether to appoint counsel in a civil suit, the court should assess: (1) whether the prisoner is likely to succeed on the merits and (2) whether "the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (citing *Palmer,* 560 F.3d at 970). "Neither of these factors is dispositive and both must be viewed together before reaching a decision[.]" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Plaintiff bears the burden of showing exceptional circumstances exist. *Palmer*, 560 F.3d at 970.

## II. ANALYSIS

Reconsideration of the Court's July 24, 2026 Order is not appropriate at this stage of the proceeding, under six weeks after the Court denied appointment of counsel. Plaintiff does not allege there is newly discovered evidence, clear error, or an intervening change in the law. *See Marlyn Nutraceuticals*, 571 F.3d at 880. To the contrary, Plaintiff essentially

reasserts the same arguments and same factual basis as he did in his previous motion to appoint counsel, which the Court already considered in denying the motion. Accordingly, Plaintiff has not established a proper basis for reconsideration.

Even if the Court were to reach the merits of Plaintiff's motion for reconsideration, Plaintiff does not meet his burden of demonstrating "exceptional circumstances." Plaintiff argues the case is complex and exceptional due to inconsistencies and video footage alterations. The Court incorporates by reference its summary of Plaintiff's Complaint allegations in its Order Denying Motion for Appointment of Counsel. ECF No. 10 at 2.

In the pending motion, Plaintiff also claims Richard J. Donovan Correctional Facility ("RJD") correctional officers had "video footage re-edit[ed] an[d] altered[,]" resulting in Plaintiff getting a video expert in a separate federal case. ECF No. 13 at 2. The Court does not find this persuasive, particularly in light of the Court's denial of Plaintiff's motions to appoint an expert. *Goodlow v. K. Estrada*, 24-cv-1490-AJB-SBC, *Order Denying Plaintiff's Motions to Appoint Expert*, ECF No. 46 (August 12, 2026). Additionally, Plaintiff states there were "witness[es] [] only 5 to 10 feet away when Plaintiff was assaulted[,]" so if the video footage omits these individuals, then the footage had to have been altered. *Id.* at 3. Plaintiff alleges different Rule Violation Reports ("RVR") for the incident show "inconsistencies," making the case "complex" and "hard to articulate[.]" *Id.* at 1–2.

Plaintiff raised these same grounds, almost verbatim, in his prior motion to appoint counsel. As the Court explained in its July 24, 2026 Order and reiterates here, the Court "sees nothing in this factual circumstance so complex as to constitute an "'exceptional circumstance.'" ECF No. 10 at 2. In addition, Plaintiff's filings, including a complaint that passed screening under 28 U.S.C. § 1915, a motion for leave to proceed in forma pauperis which was subsequently granted, the motion to appoint counsel, and the instant motion for reconsideration, show he is capable of articulating his Eighth Amendment claims and arguments regarding video footage of the incident. Plaintiff is able to seek video footage from Defendants through discovery.

Finally, as the Court explained in its July 24, 2026 Order, it "is too early for the Court to determine likelihood of success on the merits." ECF No. 10 at 3. The same holds true here: the Court's current "knowledge of the facts is limited to Plaintiff's allegations in the complaint." *Id.*

## III. CONCLUSION

The Court reiterates its previous finding Plaintiff has not met his burden of establishing exceptional circumstances to justify the appointment of counsel under 28 U.S.C. § 1915(e)(1). Nor is the Court presented with newly discovered evidence, clear error, or an intervening change in the controlling law. The Court therefore **DENIES** Plaintiff's motion for reconsideration. ECF No. 13.

**IT IS SO ORDERED**.

Dated: September 2, 2026

HON. MICHELLE M. PETTIT
United States Magistrate Judge